UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTENO TORREZ NOLVIN,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-08771-DC-CSK (HC)<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 1, 2, 3, 4) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) Respondents do not oppose the court ruling directly on the merits of the habeas petition. (Doc. No. 8 at 1.) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition. For the reasons explained below, the court finds that Respondents violated the Immigration and Nationality Act and Petitioner's right to due process by failing to provide Petitioner with a prompt custody redetermination hearing despite his explicit requests for one. Thus, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order his immediate release.

/////

## BACKGROUND

Petitioner Centeno Torrez Nolvin is a native of Nicaragua. (Doc. No. 1 at ¶ 12.) Petitioner entered the United States on or about July 1, 2018. (*Id.* at 19.) On October 8, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement agents and was brought into immigration detention. (Doc. No. 8 at 5–6.) Petitioner has been detained since that time, currently at the Golden State Annex Detention Facility. (*Id.* at 7; Doc. No. 1 at 18.)

On October 26, 2026, Petitioner filed the pending petition for writ of habeas corpus contending that his current immigration detention violates his right to due process under the Fifth Amendment and his statutory rights under the Immigration and Nationality Act. (Doc. No. 1 at 5.) Petitioner attached to his petition his notice to appear showing service on Petitioner on October 8, 2026 (*id.* at 19–20) and his notice of custody determination also showing proof of service on October 8, 2026 (*id.* at 21–22). On the notice of custody determination, Petitioner indicates his request for a custody determination hearing before an immigration judge. (*Id.* at 21.)

On October 30, 2026, Respondents filed an opposition arguing that Petitioner is lawfully detained under 8 U.S.C. § 1226(a), that he is “entitled to seek a custody redetermination hearing” under that section, and that they do “not oppose the court construing the habeas petition as a bond request and order[ing] that Petitioner may be provided with a bond hearing within 14 days.” (Doc. No. 8 at 1.) Respondents attach to their opposition a separate notice to appear showing service on October 27, 2026 (*id.* at 16–18), Petitioner’s arrest warrant showing proof of service on October 8, 2026 (*id.* at 20), and a separate notice of custody determination dated October 20, 2026 (*id.* at 22). On that notice of custody determination, Petitioner indicates his request for a custody determination hearing before an immigration judge. (*Id.*) That request is dated October 27, 2026. (*Id.*) Respondents do not dispute the validity of the documentation attached to Petitioner’s petition nor explain why they provided a separate notice to appear and separate notice of custody determination with their opposition.

/////

/////

/////

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' provision ... requires only that a petitioner be incarcerated—or, as here, in INS custody—at the time a habeas petition [was] filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr.*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

## DISCUSSION

Petitioner argues that his current immigration detention is unlawful due to Respondents' failure to follow their own regulations when effectuating his arrest. (Doc. No. 1 at 5–6.) Respondents argue that Petitioner's detention is lawful under § 1226(a), and that he is entitled to seek a custody re-determination hearing before an immigration judge. (Doc. No. 8 at 2.) Respondents ignore, however, the notice of custody determination hearing attached to Petitioner's petition, by which Petitioner explicitly requested such a redetermination hearing on October 8, 2026. (Doc. No. 1 at 21.) Further, Respondents do not address the separate notice of custody determination attached to their own opposition by which Petitioner again requested a custody determination hearing on October 27, 2026. (Doc. No. 8 at 22.) While Respondents may not "oppose the court construing the habeas petition as a bond request and order[ing] that Petitioner be provided with a bond hearing within 14 days," they fail to provide any explanation as to why they did not construe Petitioner's October 8, 2026 and October 27, 2026 explicit requests for a custody determination hearing as such, which would have obviated the need for court

intervention. Further, while Respondents concede that Petitioner is statutorily entitled to a bond hearing, they do not allege that Petitioner has been scheduled for one despite his repeated requests.

This court has joined others in the Ninth Circuit in finding that "due process requires noncitizens who request a custody redetermination hearing to be promptly provided with one." *Mejia v. Warden, Cal. City ICE Det. Facility*, No. 1:26-cv-08473-DC-AC, 2026 WL 3205159, at *2 (E.D. Cal. Oct. 26,2026) (collecting cases). Here, Petitioner requested a custody redetermination hearing upon his detention on October 8, 2026. (Doc. No. 1 at 21.) He repeated that request on October 27, 2026, two days *after* he filed the pending habeas petition. (Doc. No. 8 at 22.) Despite these multiple requests, Respondents provide no explanation for why Petitioner has not been provided—or at the very least been scheduled for—the custody redetermination hearing to which he is statutorily entitled. Thus, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order his immediate release. *See Feng v. Lyons*, No. 1:26-cv-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) ("Provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right.").

**CONCLUSION**

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 3) are GRANTED as follows:
   a. Respondents shall immediately release Petitioner Centeno Torrez Nolvin (A-240-465-217) from their custody;
   b. Upon his release, Respondents shall not impose any additional restrictions on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future custody hearing;
   c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;

d. If the government seeks to re-detain Petitioner, they shall provide him with a prompt bond hearing at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

2. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) and motion to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 9, 2026**

Dena Coggins
United States District Judge